## Case No. 6,107.

### HARRINGTON v. LIBBY.

[14 Blatchf. 128; 12 O. G. 188; 4 Am. Law T. (N. S.) 47; Cox, Man. Trade-Mark Cas. 301; 23 Int. Rev. Rec. 112; 2 Cin. Law Bul. 70.] [1]

Circuit Court, S. D. New York. Feb. 8, 1877.

TRADE-MARK — EXCLUSIVE USE OF "BUCKET" FOR COLLARS.

The exclusive use of a tin pail with a bail or handle to it. the tin ornamented with a geometrical pattern, and used to contain paper collars for sale, and sold with the collars, cannot be claimed as a trade-mark. either under the statute or by virtue of the general law of trade-marks.

[Cited in Ball v. Siegel, 116 Ill. 143, 4 N. E. 667.]

[This was a proceeding by George Harrington against James L. Libby for an infringement of a trade-mark.]

James A. Whitney, for plaintiff.
Edmund Wetmore, for defendant.

JOHNSON, Circuit Judge. The plaintiff claims to be entitled to the exclusive use of a tin pail with a bail or handle to it, the tin ornamented with a geometrical pattern, and used to contain paper collars for sale and sold with the collars. This claim is made not on the ground, that he is the inventor and patentee of pails thus made, or of the material used in making them, or of the art of selling collars by giving away a tin pail with them. But the claim is that this is a trade-mark, and entitled to protection as such, either by force of the statute of the United States on the subject, or by virtue of the general law of trade-marks. It appears that the ornamented tin pail which the plaintiff em-

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission. Cox, Man. Trade-Mark Cas. 301, contains only a partial report.]

ploys is a common article in commerce, and that pails made of tin, ornamented or un-ornamented, are and have long been in use for all such purposes as any one chose to apply them to. The question whether any one can seize upon such an article and make title to its exclusive use for a special purpose, by calling it a trade-mark, must be far from clear in favor of the claimant. The forms and materials of packages to contain articles of merchandise, if such claims should be allowed, would be rapidly taken up and appropriated by dealers, until some one, bolder than the others, might go to the very root of things, and claim for his goods the primitive brown paper and tow string, as a peculiar property. It will be observed, that it is not a mark at all which is claimed, but the whole enveloping package, the whole surface of which is covered by the ornamental pattern. There is no name, no symbol, no assertion of origin or ownership. The case strongly resembles that of Payson's Indelible Ink, Browne, Trade-Marks, §§ 271, 272, where the claim was rejected, on the ground, that, if maintained, the effect would be to gradually throttle trade. The case of Moorman v. Hoge [Case No. 9,783], seems to me quite in point. In favor of maintaining the right to the barrel in question in that case, all circumstances of fact concurred, but the court held that the law did not recognize an exclusive right to an unpatented package, nor permit its assertion. I concur in the principles maintained in that case, and think the plaintiff has failed to show such a right in the premises as can entitle him to a preliminary injunction. The motion must be denied.